**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raghav Mohindra,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Haresh Boghara, et al.,<br><br>　　　　Defendants. | No. CV-25-02050-PHX-SHD<br><br>**ORDER** |

  Pending before the Court is Plaintiff Raghav Mohindra's Motion for Order Authorizing Alternative Service on Defendant Christopher Kelly (the "Motion"). (Doc. 21.) Dr. Mohindra requested expedited consideration. (*Id.* at 1.)

  On June 11, 2025, Dr. Mohindra filed this suit. (Doc. 1.) He then moved for a temporary restraining order ("TRO") and preliminary injunction on June 19, 2025. (Doc. 8.) On June 20, 2025, the Court ordered Dr. Mohindra to serve Defendants Haresh Boghara and Christopher Kelly with a copy of the Motion for TRO with Notice and Preliminary Injunction and the Complaint. (Doc. 9.) On June 23, 2025, Dr. Mohindra filed proof of service. (Doc. 12.) He explained that he (1) provided a copy of the Complaint and other case-initiating documents to Mr. Kelly via email on June 13, 2025, (2) provided a copy of the Motion for TRO with Notice and Preliminary Injunction to Mr. Kelly via email on June 20, 2025, and (3) "attempted to personally serve the Complaint, Motion, Order, and other relevant documents relating to this matter upon Defendant Christopher Kelly on several occasions at what Plaintiff believes is his residence in Edmonton, Oklahoma, but these

attempts have been unsuccessful." (*Id.* at 2.)  On June 30, 2025, Dr. Mohindra filed the Motion, seeking to serve the Summons, Complaint, and other case-related documents via email and U.S. mail under Federal Rule of Civil Procedure 4(e) and Arizona Rule of Civil Procedure 4.1(k).  (Doc. 21 at 1.)

Under Federal Rule 4(e), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e).  Arizona Rule 4.1(k) provides procedures for "alternative means of service." Ariz. R. Civ. P. 4.1(k).  Under this rule, "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." Ariz. R. Civ. P. 4.1(k)(1).  "If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and "must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." *Id.* 4.1(k)(2).

Under Arizona law, "[i]mpracticable does not mean impossible, but rather that service would be 'extremely difficult or inconvenient.'" *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (citing *Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010)).  The impracticable standard requires something less than the "due diligence" showing "required before service by publication may be utilized." *Id.* (citation omitted) (allowing alternative service where the plaintiff attempted to physically serve the defendant via process server on five occasions at different times); *see also* Ariz. R. Civ. P. 4.1(l)(1) (stating that a court may permit service by publication if "the serving party, despite reasonably diligent efforts, has been unable to determine the person's current address[,] or the person to be served has intentionally avoided service of process" and it is the best means practicable to give notice).

Here, Dr. Mohindra's counsel has undertaken extensive efforts to serve Kelly since

commencing this lawsuit. On June 13, 2025, Dr. Mohindra's counsel emailed Kelly the Complaint and case-initiating documents and asked whether he would accept service via email. (Doc. 12 at 2; Doc. 8-2 at 238.) Counsel sent this to the same email account she used to correspond with Kelly in the arbitration proceedings underlying this case.[1] (Doc. 8-2 at 157, 238.) Counsel emailed Kelly twice more regarding accepting service via email on June 13 and June 16, 2025. (*Id.* at 238.) Counsel then unsuccessfully attempted to serve Kelly via process server at his Oklahoma address on six occasions at different times between June 21 and June 23, 2025. (Doc. 21 at 6–7, 9.) Kelly responded to a different email from counsel (regarding the TRO) on June 23, 2025. (*Id.* at 11.) Counsel replied to his email the same day to ask whether he would accept service of the Complaint and case-related documents via email. (*Id.*) Kelly did not respond. (*Id.* at 2.)

These efforts are sufficient to show that service would be "extremely difficult or inconvenient" and alternative service is warranted. *See, e.g.*, *Blair*, 245 P.3d at 904 (allowing alternative service when a process server attempted service at place of business and residence on five different days at various times, tried to ascertain when the individual would be in the office, and each time was told he was not present (citation omitted)). The Court finds that, under the circumstances, service by U.S. Mail to Kelly's Oklahoma address and via email constitute reasonable efforts to provide Kelly with actual notice of this action. *See* Ariz. R. Civ. P. 4.1(k).

Accordingly,

**IT IS ORDERED** that Dr. Mohindra's Motion for Order Authorizing Alternative Service on Defendant Christopher Kelly is **GRANTED**.

**IT IS FURTHER ORDERED** Dr. Mohindra may serve Mr. Kelly under Arizona Rule 4.1(k) by sending a copy of the Complaint (Doc. 1), Summons (Doc. 2), Preliminary Order (Doc. 7), Motion for Temporary Restraining Order with Notice and Preliminary Injunction (Doc. 8), and Order (Doc. 18) to Kelly via (1) his email addresses associated

---

[1] It appears for purposes of this litigation, counsel has been communicating with Kelly via two email addresses associated with Orion Health Advisory and Orion Healthcare Advisory. (*See* Doc. 21 at 11; Doc. 8-2 at 238.)

with Orion Health Advisory and Orion Healthcare Advisory and (2) U.S. Mail to his Oklahoma residence.

Dated this 2nd day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge