**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raghav Mohindra,<br><br>        Plaintiff,<br><br>v.<br><br>Haresh Boghara, et al.,<br><br>        Defendants. | No. CV-25-02050-PHX-SHD<br><br>**ORDER** |

Pending before the Court are Plaintiff Raghav Mohindra's Motion for Limited Expedited Discovery to Defendant Haresh Boghara, M.D, (Doc. 22), and Epic AZ, LLC's ("Epic AZ") Motion to Intervene, (Doc. 16). For the reasons that follow, Dr. Mohindra's Motion is **granted in part and denied in part**. The Court will address Epic AZ's motion in due course.

**I.    BACKGROUND**

This case is about Dr. Boghara's alleged fraudulent transfer of funds. (*See* Doc. 18 at 2–4.)[1] Dr. Mohindra specifically alleged that Dr. Boghara sold Epic AZ to Optima Medical ("Optima"), then transferred the proceeds from this sale ("the Optima Sales Proceeds") from Epic AZ, an LLC over which he has sole control, to himself and Defendant Christopher Kelly. (*See id.*) The Court granted Dr. Mohindra's request for a temporary restraining order ("TRO") to preserve the status quo pending further briefing and an

---

[1] The parties are aware of the facts underlying this suit, which were recounted in the Court's prior Order. (Doc. 18 at 2–4.) The Court therefore need not repeat these facts here.

expedited hearing on Dr. Mohindra's Motion for Preliminary Injunction on July 17, 2025. (*Id.* at 10–11.)

The Court also ordered "any party seeking discovery [to] file a motion for limited expedited discovery" by July 3, 2025, to allow the Court to decide the motion "on an expedited basis to allow time for discovery before the hearing." (*Id.* at 11.) Dr. Mohindra consequently moved for limited expedited discovery on July 1, 2025. (Doc. 22.) Dr. Boghara responded in opposition on July 7, 2025. (Doc. 25.)

## II.     DISCUSSION

### A.     Good Cause

While a party generally may not seek discovery before a Rule 26(f) conference, there are certain exceptions, including by court order. Fed. R. Civ. P. 26(d)(1). Courts may order discovery prior to the Rule 26(f) conference where "good cause is shown for the early discovery." *Mach 1 Air Servs., Inc. v. Mainfreight, Inc.*, 2015 WL 11181334, at *1 (D. Ariz. 2015). Courts may find good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (citation omitted). While "the good cause standard may be satisfied where a party seeks a preliminary injunction, . . . expedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1966 (C.D. Cal. 2009) (citation modified). Instead, "where a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* at 1067 (citation modified). Courts commonly consider the following non-exhaustive factors to determine the reasonableness of expedited discovery: "(1) whether a preliminary injunction [motion] is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (citation omitted).

The first factor weighs in favor of allowing expedited discovery. Dr. Mohindra filed a motion for a preliminary injunction on June 19, 2025. (Doc. 8.) As for the second factor, the Court agrees with Dr. Boghara that some of the requested discovery is overly broad. (*See* Doc. 25 at 9.) While a portion of Dr. Mohindra's discovery requests are appropriately tailored to the approximate period in which Dr. Mohindra alleges Dr. Boghara made the fraudulent transfer(s)—March 1, 2025, to the present—Dr. Mohindra's other discovery requests are too broad and are not necessary to resolve the motion for preliminary injunction. (*See* Doc. 22 at 18–19.) For example, Dr. Mohindra requests "[a]ll communications" between Dr. Boghara and Optima relating to Epic AZ and the purchase agreement, and "[a]ll communications" between Dr. Boghara and Kelly from April 1, 2024 to the present. Requests such as these are not tailored to the narrow issue before the Court at the preliminary injunction hearing: as relevant here, whether Dr. Mohindra has shown he is likely to succeed on the merits of his AUFTA claim and whether he is likely to suffer irreparable harm in the absence of preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Therefore, the Court will only allow Dr. Mohindra to propound discovery requests which are tailored to the narrow issue at the hearing on Dr. Boghara, which are as follows:

- Non-Uniform Interrogatory No. 1: Identify all partners (limited and general) of Aavema Partners, LP. (Doc. 22 at 13.)
- Request for Production ("RFP") No. 1: All bank statements and records for Bank of America account number -2599 owned by Aavema Partners, LP for the time period of March 1, 2025, to present. (*Id.* at 18.)
- RFP No. 2: All bank statements and records for all PlainsCapital Bank accounts owned by Epic AZ for the time period of March 1, 2025, to present. (*Id.*)
- RPF No. 4: All bank statements and records showing Epic AZ's receipt of $7 million from Optima and all subsequent transfers of those funds, including

to Boghara, Kelly, Aavema Partners, and any other entities or persons.[2]  (*Id.* at 18–19.)

- RFP No. 5: All communications between [Dr. Boghara and any other persons or entities acting on his behalf] and PlainsCapital Bank from March 1, 2025, to present.  (*Id.* at 19.)

Applying these limitations, the third and fourth factors weigh in Dr. Mohindra's favor.  Dr. Mohindra's asserted purpose for requesting expedited discovery is to gather this financial information to "assist with proving that he is likely to succeed on the merits," and to "seek[] additional information regarding Epic AZ's transfer of funds to avoid Dr. Mohindra's arbitration award" and thus "demonstrate that Dr. Mohindra is likely to suffer irreparable harm if a preliminary injunction is not granted."  (Doc. 22 at 7–8.)  The burden on Dr. Boghara is low, given the Court has limited the expedited discovery to bank records at relevant institutions over an approximately four-month period, communications with PlainsCapital Bank (where the Optima Sales Proceeds are currently held, (Doc. 18 at 4)) over an approximately four-month period, and identification of Aavema Partners, LP's limited and general partners.  The fifth factor also weighs in Dr. Mohindra's favor, as the Court has not set a discovery schedule and the preliminary injunction hearing is in one week's time.

For these reasons, Dr. Mohindra has shown good cause for the aforementioned limited expedited discovery in this matter.

**B.     Pre-Judgment Asset Discovery and Irreparable Harm**

Dr. Boghara also argues that Dr. Mohindra should not be allowed limited expedited discovery because "[c]ourts do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment." (Doc. 25 at 7.)  He relies on *Yauck v. West Town Bank & Trust*, 568 P.3d 386 (Ariz. Ct. App. 2025) for support, quoting *part* of

---

[2] RFP No. 3 requests "[a]ll bank statements and records for Wells Fargo account number -8468 owned by Raghav LLC for the time period of March 1, 2025, to present." (Doc. 22 at 18.)  The Court finds that RFP No. 3 is unnecessary at this early discovery stage, given that if the Optima Sales Proceeds were in this account, Dr. Boghara will produce these records in response to RFP No. 4.

- 4 -

the Arizona Court of Appeals' holding that "[t]he general rule barring prejudgment discovery of a defendant's finances governs when prejudgment remedies are sought to secure an unsecured or under-secured debt." *Id.* at 397. But the full sentence from the decision states "*[u]nless the defendant's finances are relevant to a claim or defense*, the general rule barring prejudgment discovery of a defendant's finances governs when prejudgment remedies are sought to secure an unsecured or under-secured debt." *Id.* (emphasis added). Here, Dr. Mohindra alleges Dr. Boghara committed a fraudulent transfer in violation of the Arizona Uniform Fraudulent Transfer Act ("AUFTA"). (Doc. 1 ¶¶ 57–62; *id.* ¶ 59 ("Epic AZ made fraudulent transfers of the Optima Sales Proceeds to Dr. Boghara and Mr. Kelly.")) Dr. Boghara's finances, and those of the entities over which he exercises control, are relevant to Dr. Mohindra's AUFTA claim and are needed to show whether Epic AZ made any transfer to Dr. Boghara or Kelly. In fact, in *Yauck*, the court expressly stated that "a court may properly authorize prejudgment discovery of a party's finances if evidence suggests that the party is concealing or disposing of assets to render uncollectible any judgment that may be entered." 568 P.3d at 396. As discussed in the Court's Order granting Dr. Mohindra's Motion for TRO, Dr. Mohindra has shown some evidence suggesting that Dr. Boghara, through Epic AZ, transferred the Optima Sale Proceeds to hinder Dr. Mohindra's ability to collect upon the arbitration award. (Doc. 18 at 5–6.) Further, although Dr. Boghara focuses on the fact that Dr. Mohindra's debt is unsecured and the arbitration award is still pending confirmation in Arizona Superior Court, (Doc. 25 at 7), Dr. Mohindra seeks expedited discovery to prepare for a hearing regarding whether Dr. Boghara should be enjoined from moving the Optima Sales Proceeds in light of alleged fraudulent transfers, which is an entirely different issue.

Dr. Boghara next contends that "Dr. Mohindra has demonstrated no danger of irreparable harm." (*Id.* at 11.) This issue goes to whether or not Dr. Mohindra is entitled to a preliminary injunction, *see Winter*, 555 U.S. at 22 (stating necessary factors for a preliminary injunction), so the Court will defer resolution until the July 17, 2025 hearing,

(*see* Doc. 18 at 11).[3]

Accordingly,

**IT IS ORDERED** granting in part and denying in part Dr. Mohindra's Motion for Limited Expedited Discovery to Defendant Haresh Boghara, M.D. Dr. Mohindra may serve Non-Uniform Interrogatory No. 1 and RFP Nos. 1, 2, 4 and 5 on Dr. Boghara no later than **Noon MST on July 9, 2025**.

**IT IS FURTHER ORDERED** that Dr. Boghara must respond to Non-Uniform Interrogatory No. 1 and RFP Nos. 1, 2, 4 and 5 before **5:00 PM MST on July 14, 2025**.

Dated this 8th day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge

---

[3] Dr. Boghara further asserts that Dr. Mohindra's request for expedited discovery is moot, because Epic AZ—an allegedly non-diverse, indispensable party—is entitled to intervene, and the Court would lack subject matter jurisdiction under 28 U.S.C. § 1332(a) because Epic AZ is an Arizona limited liability company ("LLC") and Dr. Mohindra is an Arizona resident. (Doc. 25 at 5–6.) *See* 28 U.S.C. § 1332(a)(1) (diversity jurisdiction requires "citizens of different states"). But because Dr. Boghara is a Texas resident and the sole member of Epic AZ, (Doc. 1 ¶¶ 2, 8), and because an LLC "is a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), adding Epic AZ as a party would not divest the Court of subject matter jurisdiction.